UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TAJSHA WASI,
                    Defendant.

Criminal No. 06-192M (AK)

### DETENTION MEMORANDUM

The Defendant, Tajsha Wasi, has been charged by criminal complaint with unlawful, knowing, and intentional possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. § 841(a)(1).  The government requested a detention hearing, which was held on May 8, 2006.  At the conclusion of the hearing, this Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Detective William Witkowski, with the Narcotics Special

Investigation Division of the Metropolitan Police Department, testified for the government. Detective Witkowski testified that on May 3, 2006 at approximately 7:40 p.m. officers with the Metropolitan Police Department executed a search warrant at 3631 6th Street S.E., Washington D.C. During execution of the search warrant, Defendant was found walking out of a bedroom with an eight-year-old child and an infant. Defendant told the officers that she is the only lessee of the apartment, and officers found a Comcast monthly statement with Defendant's name and address. During their search, officers also noticed mail addressed to Defendant's boyfriend at this residence, checks in his name, and male clothing in the apartment. When the officers arrived at the residence, he was in out front and fled before they had entered the apartment to conduct the search. When asked about the apartment, Defendant denied ownership of any weapons that might be found, but pointed towards part of the apartment indicating the presence of drugs.

During their search of the apartment, officers found a locked metal container, and Defendant told them where the key was located. When the officers opened the container, they found it contained 162 ziplock bags containing a white powder substance, which field tested positive for heroin. Inside the hall closet, officers found a Nike shoe box, which contained a clear plastic bag containing 322 grams of a green weed-like substance, a gram scale, and U.S. currency. Officers also recovered a hand-rolled cigar containing a green weed-like substance and a small plastic bag containing a green weed-like substance. Scattered throughout the apartment, officers found 73 ziplock bags, containing a white rock substance, which field tested positive for cocaine. Some of these ziplock bags were found inside a purple plastic egg in the top kitchen cabinet and inside a green plastic egg on the floor next to the dining room table. Underneath the bed in the child's bedroom, officers found a coffee can containing three additional plastic eggs with some of the

- 2 -

ziplocks of white-rock substance inside. In the kitchen, inside an unlocked cabinet above the stove, officers found a plastic strawberry tub with a clear plastic bag holding 14 larger ziplock bags, each containing approximately 3.5 grams of a white rock-like substance.  Inside a jewelry box in Defendant's bedroom, officers recovered ziplocks containing 30 pills that field tested positive for ecstasy.  Officers also found a safe at the bottom of Defendant's bedroom closet, and Defendant indicated where the key was located.  Officers opened the safe, and inside they recovered a gram scale, U.S. currency, and the box of checks in Defendant's boyfriend's name.

In addition, officers found a loaded Smith and Wesson .380 caliber semi-automatic pistol, a .380 clip containing six rounds of ammunition, and two bulletproof vests.  Officers also recovered an additional gram scale, multiple pyrex bowls, spoons, blades, empty ziplock bags, a box of plastic gloves, photographs, additional paraphernalia, and a total of $6,180.00 in U.S. currency.  The total amount of suspected crack-cocaine was approximately 63 grams, which has an approximate retail value of $8,000.  These facts, in addition to the absence of paraphernalia used for ingesting crack-cocaine or dime bags for small quantities indicated to Officer Witkowski that the narcotics found in Defendant's possession were intended for manufacture and distribution than consumption.  Having heard the testimony at the May 8, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed an offense in violation of 21 U.S.C. § 841(a)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C.

§ 3142(e).  Danger to the community alone is a sufficient basis upon which to order pretrial

detention, if the judicial officer finds by clear and convincing evidence that Defendant's pretrial

release would constitute an unreasonable risk of danger to the community.  *United States v. Salerno*,

481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States

v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

However, when, as here, there is probable cause to believe that a Defendant has committed

a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is

prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community,

and no pretrial release condition or combination of conditions may be imposed to assure his future

presence in court or to reasonably assure the safety of the community.  *See* 18 U.S.C. § 3142(e).

Here, the government seeks detention based both on basis of danger to the community and

a risk of flight.  In determining whether there are conditions of release which will reasonably assure

the safety of any other person and the community, the judicial officer shall take into account the

available information concerning (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the Defendant; (3) the Defendant's history and characteristics,

including the Defendant's ties to the community; and (4) the nature and seriousness of the danger

to any person or to the community which would be posed by the Defendant's release.  *See* 18 U.S.C.

§ 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant

is charged with possession with intent to distribute a large quantity of crack-cocaine, a dangerous

and destructive narcotic. Narcotics, drug-related paraphernalia, and a loaded weapon were dispersed throughout both hidden and obvious locations in Defendant's apartment. At the very least, these circumstances created an extremely unsafe environment for the two young children living in Defendant's apartment.

The second factor, the weight of the evidence, also favors detention. Although male clothing and a box of checks and mail in the name of Defendant's boyfriend were found inside the apartment, Defendant was the lessee. Moreover, Defendant was cognizant of the presence of narcotics inside her apartment. Officer Witkowski testified that approximately 63 grams of crack-cocaine was found scattered throughout Defendant's apartment. Officers additionally recovered a variety of other drugs, extensive paraphernalia used for drug manufacture, a loaded semi-automatic pistol with extra ammunition, bullet proof vests, and $6,800.00. No pipes for ingesting cocaine were recovered. The culmination of these facts suggests that the narcotics found in Defendant's possession were intended for distribution rather than consumption.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. Defendant's family members and friends were present at the hearing and agreed to have her reside with them. However, she has a prior charge for embezzlement, for which she was on probation for two years. Defendant was previously employed for six months through a staffing agency, which placed her in temporary administrative and clerical positions, but she has no current employment.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, supports detention, as well. As stated previously, the Defendant is charged

with possession with intent to distribute cocaine. Drug trafficking is an offense that tears the very fabric of our community.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that, although there is insufficient evidence to consider the Defendant a serious flight risk, the evidence does clearly and convincingly establish that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The Court also finds that no condition or combination of conditions can be imposed to reasonably assure the safety of the community if Defendant is released. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: May 24, 2006                    ____/s/_____
                                       ALAN KAY
                                       UNITED STATES MAGISTRATE JUDGE